UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
JONATHAN MULLANE,             )    DOCKET NO. _____
     *Plaintiff*,              )
v.                            )
                              )
UNITED STATES DEPARTMENT      )
OF JUSTICE and                )
UNITED STATES SECURITIES      )
AND EXCHANGE COMMISSION,      )    **BENCH TRIAL REQUESTED**
     *Defendants.*             )
_____)


**VERIFIED COMPLAINT**

Now comes Plaintiff Jonathan Mullane (hereinafter, "Plaintiff") by and through undersigned counsel, and complaining of Defendants **UNITED STATES DEPARTMENT OF JUSTICE** (hereinafter, "DOJ") and **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** (hereinafter, "SEC") (collectively, "Defendants" or "the Government"), hereby brings this action for declaratory and injunctive relief, together with monetary damages, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter, "FOIA"); the Privacy Act of 1974, 5 U.S.C. § 552a (hereinafter, "Privacy Act"); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*.

As and for his complaint, and in support of his causes of action asserted against the Defendants, the Plaintiff hereby avers as follows:

## **PARTIES**

1. Plaintiff Jonathan Mullane is a citizen of the United States and the Commonwealth of Massachusetts, and permanently resides in this District.

2. Defendant United States Department of Justice ("DOJ") is an "agency" within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552, and 5 U.S.C. § 552a.

3. At all times relevant hereto, the Defendant DOJ was, and remains, in possession and/or control of all of the subject requested records.

4. Defendant United States Securities and Exchange Commission is an "agency" within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552, and 5 U.S.C. § 552a.

5. At all times relevant hereto, the Defendant SEC was, and still remains, in possession and/or control of all of the subject requested records.

## **JURISDICTION**

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552a(g)(1), 552(a)(4)(B), and 28 U.S.C. § 1331.

## **VENUE**

7. Venue is proper in this District pursuant to, *inter alia*, 5 U.S.C. §§ 552a(g)(5), 552(a)(4)(B), and 28 U.S.C. § 1391.

8. Plaintiff permanently resides in this District, and the relevant FOIA and Privacy Act requests were propounded and appropriately submitted by the Plaintiff from and within this District.

## MATERIAL FACTS

**(a)    Requests submitted to the United States Department of Justice.**

9.  The Plaintiff has previously entered into certain employment agreements during the period of time relevant hereto with both the DOJ and SEC, respectively.

10. On or about **October 12, 2018**, Plaintiff appropriately submitted a **FOIA request** to the DOJ *via* electronic correspondence and first-class mail. **EXHIBIT A**.

11. The DOJ subsequently acknowledged receipt of the said FOIA request in writing.

12. On or about **October 14, 2018**, Plaintiff submitted a **Privacy Act** request to the DOJ *via* electronic correspondence and first-class mail. **EXHIBIT B**.

13. The DOJ subsequently acknowledged receipt of the said Privacy Act request in writing.

14. Both of the foregoing appropriate and good faith requests submitted to the DOJ were for documentation of and concerning the Plaintiff.

15. On or about **October, 25 2018**, *via* electronic correspondence, the DOJ unreasonably denied Plaintiff's respective requests for expedited processing and fee waivers vis-à-vis his October 12 and October 14 requests. **EXHIBIT C**.

16. On or about **November 2, 2018**, Plaintiff timely appealed the adverse determination by the DOJ of October 25, 2018. **EXHIBIT D**.

17. In the said appeal, the Plaintiff **expressly reiterated his request for any and all responsive records**.

18. The DOJ wrongfully and unlawfully refused to release and/or disclose to the Plaintiff the requested records within the prescribed period as required.

19. Even to this day, the DOJ continues to wrongfully and unlawfully withhold from the Plaintiff the subject records which were properly requested.

20. Via email correspondence dated **December 18, 2018**, *i.e.*, over one (1) month after the subject appeal, the DOJ falsely and deceptively misrepresented to Plaintiff that it was not in possession and/or control of any responsive records. **EXHIBIT E**.

21. Notwithstanding its prior knowing and intentional misrepresentation, on **April 10, 2019** (*i.e.*, the following year), the DOJ responded to Plaintiff's November 2, 2018 appeal and inexplicably admitted that it did, in fact, have certain responsive records. See, e.g., **EXHIBIT F**.

22. Of course, this response was contradictory and inconsistent with the DOJ's December 18, 2018 misrepresentation to the Plaintiff, wherein the DOJ falsely claimed that it had no responsive records at all.

23. The DOJ thereupon released merely two (2) pages of responsive records—both of which were unlawfully redacted. **EXHIBIT F.**

24. As a foreseeable consequence of the knowing and deliberate unlawful acts and omissions of the DOJ as described herein, *supra*, Plaintiff has indeed incurred significant and irreparable harm.

25. This irreparable harm caused by the DOJ to the Plaintiff includes, *inter alia*, foreseeable economic, monetary, emotional, and psychological harm, together with lost employment and income.

26. Through their improper actions and omissions as described herein, the DOJ has wrongfully taken these affirmative steps to shield their own employees from being

held responsible and accountable for unlawful conduct which they knowingly and deliberately engaged in.

27. Even to this day, the DOJ continues to willfully and knowingly attempt to obstruct and prevent the Plaintiff from being timely provided with this appropriately requested and highly relevant documentary evidence.

28. The subject documentary materials are necessary and essential for: (i) the prosecution of certain unrelated *bona fide* claims; (ii) petitioning the judiciary for the appropriate redress; and (iii) identifying all of the individuals that need to be included as necessary and indispensable parties.

29. Plaintiff is lawfully entitled to have access to the requested public records, which were requested in connection with the unlawful acts and omissions undertaken by certain employees of the Government.

**(b)  Requests submitted to the United States Securities and Exchange Commission.**

30. On or about **October 14, 2018**, the Plaintiff submitted, in good faith, appropriate requests for copies of certain records to the SEC *via* electronic correspondence and first-class mail pursuant to *both* the **FOIA** and **Privacy Act**. **EXHIBIT G**.

31. The SEC subsequently acknowledged in writing that they received these requests from the Plaintiff.

32. On or about **October 17, 2018**, the SEC served the Plaintiff with an unjustifiable adverse administrative determination, denying the Plaintiff's requests for expedited processing and a fee waiver. **EXHIBIT H**.

33. On or about **October 18, 2018**, the Plaintiff timely appealed the SEC's adverse determination of October 17, 2018. **EXHIBIT I**.

34. On or about **November 20, 2018**, *i.e.*, over one (1) month after Plaintiff's October 18, 2018 administrative appeal, the SEC untimely disclosed a limited number of so-called "responsive" records, many of which were of no value being unlawfully and wrongfully redacted by the Government. **EXHIBIT J**.

35. On **November 26, 2018**, *via* electronic correspondence and first-class mail, the Plaintiff timely appealed: (i) the SEC's ongoing refusal to disclose all of the requested records; and (ii) the SEC's unlawful and improper redaction of certain requested records. **EXHIBIT K**.

36. Not only has the SEC failed to release and/or disclose the requested records within the prescribed period in violation of the Plaintiff's rights, even to this day, the agency unlawfully and unethically continues to engage in their knowing and intentional obstruction activities. This includes, *inter alia*: (i) withholding and refusing to provide copies of **all** of the requested records; and (ii) the SEC's improper redaction of the limited records it released.

37. As a foreseeable and direct consequence of the SEC's wrongful and unlawful acts and omissions as described herein, *supra*, Plaintiff has incurred, and continues to incur, substantial irreparable harm.

38. The Plaintiff's harm includes, *inter alia*, the foreseeable economic, monetary, emotional, and psychological harm due to the SEC's willful and knowing efforts to obstruct and prevent Plaintiff from prosecuting claims and petitioning the judiciary

for redress vis-à-vis Government employees, together with lost employment and income.

39. Without limitation, the subject documentary materials are necessary and essential for: (i) competently supporting and successfully prosecuting certain claims in good faith; (ii) petitioning the judiciary for the appropriate redress; and (iii) and identifying all of the individuals and proper parties that need to be included as necessary and proper parties.

## COUNT I
### Privacy Act—Unlawful Withholding of Personnel Records
### (Defendants DOJ and SEC)

40. Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby incorporates them by reference as if fully restated herein.

41. 5 U.S.C. § 552a(d)(1) expressly provides as follows:

    **Access to Records**.—Each agency that maintains a system of records shall—

    (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence[.]

42. As further explained herein, *supra*, Defendants have unlawfully denied and obstructed, and continue to deny and obstruct, Plaintiff's access to his own personnel records.

43. Plaintiff's administrative appeals were all timely submitted to the DOJ and SEC, respectively. Indeed, the Plaintiff made every possible effort to resolve these issues *without* requesting the intervention of the judiciary, and *without* resorting to litigation—all to no avail.

44. Plaintiff has exhausted all required and available administrative remedies.

45. Pursuant to the Privacy Act, Plaintiff has a statutory right to obtain the records he requested, and there is no lawful basis for the ongoing obstruction and denials of the said right.

46. Plaintiff has standing to assert the instant claim under the Privacy Act, as he has personally and timely submitted the subject requests.

47. The Privacy Act provides for a private right of action, and Plaintiff is entitled to all available remedies under the statutory scheme and the federal regulations promulgated to enforce this law.

48. Pursuant to 5 U.S.C. § 552a(g)(1), when an agency fails to comply with a request for personnel records, the individual "may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provision of this subsection."

49. As further described herein, *supra*, Plaintiff has incurred irreparable harm as a result of Defendants' unlawful conduct.

## COUNT II
### FOIA—Unlawful Withholding of Agency Records
### (Defendants DOJ and SEC)

50. Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby incorporates them by reference as if fully restated herein.

51. As further described hereinabove, the DOJ unlawfully withheld, and continues to withhold, all of the records requested pursuant to the FOIA.

52. As further described hereinabove, the SEC unlawfully withhold, and continues to withhold, the requested records in violation of the FOIA. This includes, *inter alia*, the SEC's significant redaction of the requested records.

53. None of the enumerated FOIA disclosure exemptions and/or privileges apply to the aforesaid FOIA requests.

54. Plaintiff has exhausted all required and available administrative remedies in both the DOJ and SEC. The Plaintiff has reasonably made every possible effort to resolve these issues *without* requesting the intervention of the judiciary, and *without* resorting to litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE,** on the premises aforesaid, Plaintiff prays that this Honorable Court:

(i) Enter judgment in favor of Plaintiff and against Defendants on all counts of the complaint;

(ii) Enter a declaratory judgment against Defendants for the FOIA and Privacy Act violations;

(iii) Issue a mandatory injunction and order permanently barring and enjoining Defendants from engaging in such unlawful conduct;

(iv)  Issue a mandatory injunction ordering the SEC and DOJ to immediately disclose the requested records in their entirety;

(v)  Award Plaintiff actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at the trial but not less than $1,000, together with pre- and post-judgment interests thereon;

(vi)  Award Plaintiff reasonable costs and attorneys' fees pursuant to 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552 (a)(4)(E) and/or 28 U.S.C. § 2412(d);

(vii)  Expedite the instant action pursuant to 28 U.S.C. § 1657(a); and

(viii)  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *E. Peter Mullane, Esq.*
E. Peter Mullane, Esq.,
BBO #360000
MULLANE, MICHEL & McINNES LLP
6 Bennett Street
Cambridge, MA 02138
Tel.: (617) 661-9000
Email:  peter@3mlaw.com

*Counsel for Plaintiff*

DATED: November 19, 2019

## **VERIFICATION**

    I, JONATHAN MULLANE, under oath, hereby state that I have reviewed the within complaint, and, based upon my own personal knowledge, hereby verify and affirm that the allegations contained therein are true and accurate, and hereby certify that no material facts have been omitted therefrom.

Signed under the pains and penalties of perjury this 19th Day of November, 2019.

                                                        /s/ *Jonathan Mullane*
                                                        JONATHAN MULLANE

Case 1:19-cv-12379-DJC   Document 1   Filed 11/19/19   Page 12 of 12