UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MULLANE, | DOCKET NO. 1:19-CV-12379-DJC |
| *Plaintiff*, | |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE and UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| *Defendants.* | |

### PLAINTIFF'S OMNIBUS MOTION FOR LEAVE TO FILE UNDER SEAL AND TO SEAL THE RECORD IN ITS ENTIRETY AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff") and hereby respectfully moves this Honorable Court for leave to file under seal the attached proposed filing, annexed hereto as **EXHIBIT 1**. For the reasons set forth herein, *infra*, together with the sensitive information discussed in the proposed filing, Plaintiff further requests that the entire record herein be sealed forthwith by the Court until further notice.

In support hereof, Plaintiff shows unto the Court as follows:

### STANDARD OF REVIEW

In deciding whether to seal documents, courts consider the degree to which the subject matter is "traditionally considered private rather than public." United States v. Kravetz, 706 F.3d

47, 62 (1st Cir. 2013). The nature and degree of any injury that would result from public disclosure are important considerations, as is the sensitivity of the information. Id. Courts also consider how the party urging disclosure intends to use the information. Id. **Where court filings may be used as "a vehicle for improper purposes," the Court must deny access "to insure that its records are not used to gratify private spite or promote public scandal."** In re Boston Herald, 321 F.3d 174, 190 (1st Cir. 2003).

## ANALYSIS

### I. MATTERS PERTAINING TO ONGOING CRIMINAL INVESTIGATIONS WARRANT SEALING.

In the case at bar, sealing is in the interests of the administration of justice within the judiciary itself—not only in the instant action, but also in the related actions which address the same subject matter. In the context of civil proceedings, the decision to seal the entire record of the case, including the pleadings, docket entries, orders, affidavits, and hearing transcripts, must be "necessitated by a compelling governmental interest [] and [be] narrowly tailored to that interest." Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (quoting Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)).

Potential prejudice to an ongoing criminal investigation also represents a compelling government interest that justifies the closure of judicial records. United States v. Valenti, 987 F.2d 708 (11th Cir. 1993), cert. denied, 510 U.S. 907 (1996) (affirming the district court's denial of appellant newspaper's motion to unseal court records related to a criminal indictment based on the trial court's finding that the government's interest in protecting its ongoing law-enforcement investigation was a compelling one that outweighed appellant's claimed right of access); see also In re Search Warrant for Secretarial Area-Gunn, 855 F.2d 569, 574 (8th Cir. 1988) ("The

government has demonstrated that restricting public access [under the First Amendment] to these [search-warrant affidavit] documents is necessitated by a compelling government interest—the on-going investigation. These documents describe in considerable detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved [ . . . . ] **There is a substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released."**).

In the instant matter, Plaintiff's assigned work in the United States Attorney's Office ("USAO") for the Southern District of Florida is directly related to his claims herein. Additionally, his access to the subject information is related to ongoing criminal investigations which collectively are factually related to the individual Defendants' acts of retribution—which even included corruptly influencing the judiciary in a federal civil action. Therefore, Plaintiff must be permitted to present all material and relevant facts to the Court without fear of further retaliation and/or threats of criminal prosecution. The sensitive matters to be addressed include, without limitation, corruption within the federal judiciary itself.

## CONCLUSION

**WHEREFORE**, on the above-mentioned premises, Plaintiff respectfully requests that this Honorable Court:

(i) Grant him leave to submit the annexed proposed filing [**EXHIBIT 1**] under seal; and

(ii) Enter an order sealing the entire record in this action forthwith until further notice.

DATED: June 9, 2020

Respectfully submitted,

/s/ E. Peter Mullane, Esq.
E. PETER MULLANE, ESQ.
BBO #360000
MULLANE, MICHEL & McINNES LLP
6 Bennett Street
Cambridge, MA 02138
Tel.: (617) 661-9000
peter@3mlaw.com

*Counsel for Plaintiff*

## VERIFICATION AND AFFIDAVIT REQUIREMENT

I, the undersigned, do hereby declare under the pains and penalty of perjury under the laws of the United States of America that the facts as set forth herein are true and correct to the best of my knowledge. Pursuant to 28 U.S.C. § 1746, the affidavit requirement for this filing is hereby satisfied.

/s/ E. Peter Mullane, Esq.
E. PETER MULLANE, ESQ.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this filing submitted via the CM/ECF system shall be transmitted electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies shall be mailed via first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

/s/ E. Peter Mullane, Esq.
E. PETER MULLANE, ESQ.