UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MULLANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-12379-DJC |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, and UNITED STATES ) | |
| SECURITIES AND EXCHANGE ) | |
| COMMISSION, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' RESPONSE TO PLAITNIFF'S MOTION TO SEAL

This is a Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), suit brought by Plaintiff seeking the release of documents and information by Defendant United States Department of Justice ("DOJ") and the United States Securities and Exchange Commission ("SEC") concerning his volunteer law internship with the Unites States Attorney's ("USAO") in the Southern District of Florida ("SDFLA") and his then impending internship with the SEC. This is not an action concerning a conspiracy. In response to Plaintiff's FOIA requests to these federal agencies, Plaintiff has received numerous documents in full, some with minor redactions, and some withheld in full.

In his Motion to Seal, Plaintiff requests that this Court seemingly seal the entire case from the public's view. *See* Motion to Seal, p.1. Noting that a request for seal must be "necessitated by a compelling government interest and narrowly tailored to that interest", Plaintiff asserts sealing this case is proper because Plaintiff's work as a volunteer law intern at the SDFLA concerns ongoing criminal investigations that includes individually named defendants (certain AUSAs in SDFLA) who corruptly influenced the judiciary in a federal civil

action. *Id.,* p. 3. Plaintiff maintains that he needs to present all material facts to this Court without fear of further retaliation and/or threats of criminal prosecution as the sensitive matters include corruption within the federal judiciary itself. *Id.*

In his attachments to the Motion to Seal, all of which appear to be records produced by the government pursuant to the FOIA, as well as a public record in a criminal case in Florida, Plaintiff asserts that the government delayed its responses to his FOIA for 2 years to shield SDFLA Federal Judge Federico Moreno, AUSA Alison Lehr, and US Attorney Benjamin Greenberg from potential civil liability and obstruct justice and willfully interfere with federal civil actions pending in the United States District Court in Massachusetts. *See Exhibit 1,* Motion for Judicial Notice, p. 4. Plaintiff maintains that an AUSA in Boston defending Plaintiff's case against Judge Moreno and the aforementioned AUSA was aware of this knowing concealment and fraud, but failed to disclose or remedy the misconduct. *Id.,* p. 5. Plaintiff concludes that, among other things, based on the records produced in this FOIA action and, thus, already in the public domain, AUSAs in SDFLA, Judge Moreno, and the law firm of Holland & Knight have engaged in wrongful conduct that has resulted in the delay in his admittance to the Massachusetts bar by the Board of Bar Examiners ("BBE") until it resolves questions of "moral character". *Id.,* pp. 6-14. Plaintiff maintains that the BBE has been acting in "bad faith" in its review of his bar application. *Id.,* p. 12.

Defendants believe this matter should not be sealed because these are records already reviewed by Defendants and produced to Plaintiff with information withheld under applicable FOIA exemptions.

ARGUMENT

When reviewing a motion to seal, there is a strong presumption of public access to judicial proceedings. *See Nixon v. Warner Communications,* 435 U.S. 580, 597 (1978), *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987). Under this presumption, courts "must carefully balance the competing interest that are at stake" when sealing documents filed with the court. *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). A party looking to overcome this presumption of public access to court proceedings must provide a sufficient reason or show that "good cause" exists for withholding the document from the public. Fed. R. Civ. P. 26(c), *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 71 (1st Cir. 2011). Good cause requires a showing of a "harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, No. 07-11444-RWZ, 2008 WL 427290, *1 (D. Mass. February 13, 2008), *see Standard Fin. Mgmt. Corp.*, 830 F.2d at 412. The burden to show good cause is much higher for documents that are central to the court's resolution of the claims. *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447-48 (D. Mass. 2015).

Here, Plaintiff's claim of a conspiracy fails to satisfy the appropriate "good cause" requirement as this is a FOIA case, not a case in which the Court "must determine whether plaintiff is correct in his belief that a pervasive and protracted government conspiracy" exists. *Stalcup v. C.I.A.*, No. 11-11250-FDS, 2013 WL 4784249, *3 (D. Mass. Sep. 5, 2013). The documents themselves have already been approved under the FOIA request, increasing the burden to show that they must be sealed to avoid harm. *See Bradford*, 109 F. Supp. at 447-48. In other words, in a FOIA case, the Court's review is focused on the adequacy of the search and

whether any statutory exemptions apply, not whether there is some underlying government conspiracy as seemingly stated as the reason for sealing this case. *Id.*

Also, documents produced pursuant to a FOIA are not usually filed with the Court at this stage, if ever. To the extent Plaintiff is attempting to cajole this Court in reviewing, *in camera,* documents provided in this FOIA to resolve his Motion to Seal such a tactic will essentially amount to a circumvention of the atypical *in camera* review process in FOIA matters. Indeed, although the FOIA authorizes *in camera* review, 5 U.S.C. 552(a)(4)(B), courts limit such review to extraordinary rather routine cases since such review circumvents the adversarial process and can be burdensome to conduct. *Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009) (noting that "[i]f the agency's affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted by the record, and there is no evidence in the record of agency bad faith, then summary judgment is appropriate without *in camera* review of the documents") (internal quotation and citation omitted); *Mo. Coal. v. U.S. Army Corp. of Eng'rs*, 542 F.3d 1204, 1210 (8th Cir. 2008) (stating that "*in camera* inspection should be limited as it is contrary to the traditional role of deciding issues in an adversarial context upon evidence produced in court" (internal quotations and citation omitted); *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978) ("In camera inspection requires effort and resources and therefore a court should not resort to it routinely on the theory that 'it can't hurt.'").

*In camera* review is also unnecessary when agencies meet their burden of proof through a reasonably detailed declaration. *Hull v. IRS*, 656 F.3d 1174, 1196 (10th Cir. 2011) (determining that district court did not abuse its discretion in declining to order *in camera* review where agency demonstrated with "reasonable specificity" why records were exempt, and plaintiffs have not established bad faith); *Assoc. Press v. DOJ*, 549 F.3d 62, 67 (2d Cir. 2008) (concluding that, "in

light of relatively detailed nature of the [agency's] declarations," district court's decision not to conduct *in camera* review was not an abuse of discretion).

Here, at this stage, Defendants have not filed their Declarations in support of their Motion for Summary Judgement. Any review of the records at this stage would be premature.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Seal should be denied.

    Respectfully submitted,

    ANDREW E. LELLING
    United States Attorney,

By:   */s/ Michael Sady*
      Michael Sady (BBO #552934)
      Assistant U.S. Attorney
      United States Attorney's Office
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3100
      Michael.Sady@usdoj.gov

Dated: June 29, 2020