**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JONATHAN MULLANE, | ) | DOCKET NO. 1:19-CV-12379-DJC |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE and | ) | |
| UNITED STATES SECURITIES | ) | |
| AND EXCHANGE COMMISSION, | ) | |
| *Defendants.* | ) | |
| | ) | |

**AFFIDAVIT OF E. PETER MULLANE, ESQUIRE, IN SUPPORT OF THE
OPPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now comes E. Peter Mullane, Esquire, who being under oath hereby states as follows:

1. That I have been duly licensed as attorney by the Commonwealth of Massachusetts since 1968, and presently maintain a law practice in Cambridge, Massachusetts.

2. That for all times relevant hereto, and since the commencement of this action on November 19, 2019, I have appeared as counsel of record for the Plaintiff in this matter.

3. On September 16, 2019, I filed a motion to intervene in a related action being captioned <u>Jonathan Mullane v. Federico A. Moreno, et al.</u>, Civil Action No. 18-12618-PBS.

4. All of the Defendants in the <u>Moreno</u> action were, and are presently, being represented by AUSA Jason C. Weida. His said representation and appearance as counsel of record in that matter has been continuous since at least December 20, 2018.

5. ASUA Jason C. Weida filed a motion in the <u>Moreno</u> action on December 20, 2018, for the substitution of the original named Defendants to The United States of America under the Westfall Act [ECF 2].

6. AUSA Jason C. Weida also filed a motion to dismiss under Rule 12(b)(6) in the Moreno action on December 20, 2018 [ECF 7].

7. The Plaintiff in this action had his subject FOIA/ Privacy Act request outstanding since October 2018, but it remained non-responded to throughout and including the same period of time (in excess of one (1) year) in which the said government defendants' motion to dismiss [ECF 7] had been pending and undecided in the <u>Moreno</u> action.

8. Quite surprisingly, On December 30, 2019, AUSA Jason Weida actually filed his appearance in this FOIA/PA action now before the Court on behalf of Defendants DOJ and SEC  [ECF 6]. However, <u>prior</u> thereto I specifically communicated to AUSA Weida that were he to appear in this action there would likely be a conflict of interest in these particular circumstances [**EXHIBIT "A"**].

9. On **January 6, 2020** (being a little over one (1) year <u>after</u> the filing of the said

Motion to Dismiss by AUSA Weida) the court in the <u>Moreno</u> action finally

allowed the government defendants' motion to dismiss [ECF 164].

10. "Coincidentally," **on <u>January 8, 2020</u> (just two (2) days following the said**

**allowance of the government's motion to dismiss in the <u>Moreno</u> case on**

**January 6, 2020),** Defendant DOJ finally *began* processing the Plaintiff's

October 2018 FOIA/PA requests. As incredible as it may seem, Ms.

Marcenaros admits in paragraph 6 of her affidavit as follows:

> On **January 8, 2020**, to process Plaintiff's FOIA request, FOIA
> No. 2018-000468, I sent an office-wide email to all USAO-
> SDFL personnel notifying of the substance of Plaintiff's FOIA
> request. I asked USAO-SDFL personnel to contact me if they
> had any records "regarding Jonathan Mullane, including
> any/all records in the possession of the USAO-Miami, but not
> limited to his employment or personnel records, between the
> months of January 2018 and April 2018.

11. The pertinent chronology providing an understanding and overview of the

Defendants' coordination and dilatory tactics are as follows:

| | | |
|---|---|---|
| October 2018 | -- | Plaintiff files FOIA/PA requests, and receipt is promptly acknowledged via email. |
| November 2018 | – | Plaintiff commences the <u>Moreno</u> action. |
| December 20, 2018 | -- | AUSA Weida files motion to dismiss in <u>Moreno</u> |
| January 6, 2020 | -- | Motion to Dismiss filed by AUSA Weida is allowed. |
| January 8, 2020 | -- | The date on which Defendant DOJ finally *begins* to process and comply with Plaintiff's FOIA/PA requests |

12. It is more than a reasonable likelihood and probability that had Defendants

DOJ and SEC timely and completely responded to the Plaintiff's outstanding

subject October 2018 FOIA/Privacy Act requests, that the motion to dismiss in

the <u>Moreno</u> case would have been decided differently by the court - and

certainly not in the defendants favor, as did happen.  Indeed, had Defendants DOJ and SEC timely provided all of their independent responses as the Plaintiff had requested back in October 2018, in all probability that would have avoided years of the wasteful and unnecessary litigation of these related claims, would have avoided the continuing irreparable harm being caused thereby to the Plaintiff, and would have avoided at least some of the retaliation that he has incurred and continues to suffer going back to April 2018.

13. I became concerned, to engage in understatement, about the coincidence of these self-serving governmental delays in producing the subject FOIA/Privacy Act documents - going back to October 2018.  There can be no other logical or credible conclusion that these self-serving delays and obstructions by Defendants DOJ and SEC were intentional, coordinated and strategically planned. Indeed, the first partial production of documents did not occur until several months after the order of dismissal in the Moreno case, and that was only in response to the order of this Court.  It should be more than concerning for all parties before any court to have their cases frustrated not by the merits, but by the orchestrating of self-serving coincidences, the employment of deceptive tactics and strategies, and by taking unfair advantage of dilatory timing for the benefit of the government defendants.

14.  What had also been of great concern prior thereto was the fact of the filing of the appearance by AUSA Weida in this FOIA/PA action on December 30, 2019. He was then formally acting as counsel in both of these related actions, but

now with the apparent intent to directly control and censor the flow and disclosure of documents to be provided under the then still pending subject October 2018 FIOA/Privacy Act requests of the Plaintiff -- requests that he was fully aware of.

15. As noted in my **EXHIBIT "A"** attached hereto, I specifically expressed my concerns to AUSA Weida <u>prior</u> to his filing his appearance in this action about his conflict-of-interest situation, including in my email to him on December 28, 2019. I had hoped that an agreeable resolution and settlement could result without involving and wasting the valuable time of this Court in having to rule on a motion for disqualification. However, my hopes for such reasonable cooperation were unfortunately misplaced.

16. Accordingly, I confronted the U.S. Attorney's Office with a proposed motion for disqualification [**EXHIBIT A**] in early January 2020, again with the continuing hope to avoid consuming the Court's valuable time on a motion that was obvious in its merits and should be consented to by the parties hereto.

17. After an animated conference call involving several AUSAs in the U.S. Attorney's office, it was agreed that I would not file the proposed motion [**EXHIBIT A**], that AUSA Weida would withdraw his appearance, and another AUSA would be assigned to appear in this FOIA/PA case.

18. The foregoing is a brief chronology of some of the pertinent events in support of why summary judgment for the government defendants should not and

would be inappropriate to enter in this action.   Other than the obvious disagreement as to the material facts necessary for such a determination and finding by the Court, there has been an undeniable showing of bad faith, connivance and obstruction by Defendants DOJ and SEC throughout this FOIA/Privacy Act request process dating back to October 2018.

19. However, the complete extent and degree of such governmental misconduct cannot be ascertained with certainty without an order from this Court for complete discovery, including the production and review of all relevant and unredacted documents and emails in the possession, custody and control Defendants DOJ and SEC.  If the Court so determines as may be appropriate, a designated portion of such document production may initially be considered for an *in camera* inspection and review.  However, it is respectfully suggested that this would apply only as to those certain few designated documents in dispute by the parties.


SIGNED this 25th day of December, 2020, under the pains and penalties of perjury.

/s/ E. Peter Mullane, Esq.
E. PETER MULLANE, ESQ.
BBO #360000
MULLANE, MICHEL & McINNES LLP
6 Bennett Street
Cambridge, MA 02138
Tel.: (617) 661-9000
Email: peter@3mlaw.com

*Counsel for Plaintiff*