UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JONATHAN MULLANE,                   )
                                    )
         Plaintiff,                 )
                                    )
              v.                    )   Civil Action No. 19-cv-12379-DJC
                                    )
                                    )
UNITED STATES DEPARTMENT OF         )
JUSTICE and U.S. SECURITIES and     )
 EXCHANGE COMMISSION,               )
                                    )
         Defendants.                )
_____ )

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

On February 19, 2021, Plaintiff Jonathan Mullane ("Plaintiff") filed his Motion to Strike ("Motion") Defendants' Reply and accompanying declarations (Dkt. No. 56 and 57) maintaining that before said declarations were filed, Defendants needed to obtain leave of Court and their failure to do so amounted to an ambush and sandbagging by the Defendants.  *See* Motion, Dkt. No. 50, p. 1.  For the reasons stated herein, the Motion should be denied.

I.      THE MOTION

In his Motion, Plaintiff asserts that under Fed. R. Civ. P. 6(c) and Local Rule 7.1 (b)(3), Defendants were required to seek leave of court to file declarations which they filed as factual support for statements of fact contained in Defendants' Reply.  As noted in the Reply, this Court granted leave to file the Reply on January 22, 2021. (Dkt. No. 50).  The information contained in the declarations primarily addresses misstatements/misunderstandings made by Plaintiff in his

Opposition to Defendants' Motion for Summary Judgement and was aimed to add clarification to the search conducted by Defendants for assistance to this Court and Plaintiff. Other than the discrete portions of the SEC declaration which describes the search conducted by its Miami Regional Office (MIRO) and the determination to produce all responsive records in full, save Exemption 6 withholdings, the Declarations of the EOUSA (Justin Wilkinson) and the U.S. Attorney's Office for the Southern District of Florida (USAO-SDFLA) (Francys Marceneros) merely expand on information that had been previously submitted in order to answer questions raised by Plaintiff in his Opposition and nothing more. Rather than viewing these explanations as helpful in the FOIA context, Plaintiff wishes that the Court strike them, as well as the Reply.

## II.     ARGUMENT

Defendants will not expend much of the ink well in responding to Plaintiff's Motion. Under Rule 12(f), a party may move to have the court strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f). (emphasis added). The term "pleading" as used in Rule 12(f) is strictly construed under Rule 7(a) and does not encompass motions, memoranda or exhibits to memoranda. *See McGrath v. Town of Sandwich,* 169 F. Supp. 3d 251, 260 (D. Mass. 2015) (court denied motion to strike report which was attached to plaintiff's opposition to defendant's motion for summary judgment as it did not have authority to do so under Rule 12(f)). This includes materials filed in support of or in opposition to motions for summary judgment. *See Judson v. Midland Credit Management, Inc.,* No. 13-cv-11435-THS, 2014 WL 4965944, at * 3 (D. Mass. Oct. 1, 2014). In this regard, courts have held that declarations filed in support of a party's opposition to a motion for summary judgment are not pleadings and, thus, cannot be stricken and, in fact, Rule 56 does not provide for motions to strike in the context of summary judgment motions. *See, e.g., McKinney v. Dzurenda,* No. 10-

2

cv-880-ACV, 2013 WL 1296468, at * 1 (D. Conn. Mar. 27, 2013); *Wannamaker v. Town of Westport Board of Education,* No. 11-cv-1791-MPS, 2013 WL 3816592, at ** 1, 2 (D. Conn. July 22, 2013).

Striking a pleading is disfavored. Indeed, Rule 12(f) motions are narrow in scope, disfavored in practice, and not calculated readily to involve the court's discretion. *See Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013). In other words, striking a portion (or as in this Motion entire documents) of a filing is a drastic remedy and it is often sought by the movant simply as a delay or harassing tactic. *Id*. When weighing whether to strike a pleading or portion thereof, the court must determine whether the portions sought to be stricken are prejudicial to the moving party. *Leader v. Harvard Univ. Bd. of Overseers*, No. 16-cv-10254-DJC, 2017 WL 1064160, at * 1 (D. Mass. Mar. 17, 2017) (court must bear in mind that motions to strike are rarely granted absent showing of prejudice to moving party).

Bearing the above in mind, Plaintiff cannot carry his burden of showing that the declarations, which generally clarify information that was misconstrued by Plaintiff, are prejudicial and should be stricken. *See Alston v. Town of Brookline, Massachusetts*, 321 F.R.D. 41, 43 (D. Mass 2017) *citing Berke v. Presstek, Inc.* 188 F.R.D. 179, 180 (D.N.H. 1998) (Rule 12(f) moving party bears burden). Simply put, the declarations are not redundant, immaterial, impertinent, or scandalous. *McGrath,* 169 F. Supp. 3d ¶ at 260 (D. Mass. 2015). Rather, the declarations are pertinent for this Court and Plaintiff to fully comprehend the FOIA search and review of responsive records. *See Stalcup v. C.I.A.*, Civ. No. 11-11250-FDS, 2013 WL 4784249, at *3 (D. Mass. Sept. 5, 2013), aff'd, 768 F.3d 65 (1st Cir. 2014) (FOIA is simply a dispute arising from plaintiff's request for information and defendant's determination that certain information is exempt from disclosure).

3

For example, the Second Wilkinson Declaration (*see* Dkt. No. 57-2) notes that Mr. Wilkinson had a single communication with Plaintiff about the sufficiency of USAO-SDFLA search for records concerning AUSA Alison Lehr and, in connection thereto, how his office prioritized its review of the documents received from USAO-SDFLA in this regard. *Id.,* ¶¶ 7, 8. He next explains that although Plaintiff claims that "withholdings of entire documents are not in the *Vaughn* index", they, in fact, were identified in the *Vaughn* and provides examples thereto. *Id.,* ¶¶ 9, 10. Lastly, Mr. Wilkinson describes the purposes of the language he included in his First Declaration concerning the interplay between the Privacy Act (PA) and criminal investigations of third parties. Additionally, Mr. Wilkinson expressed to Plaintiff that the language contained in the initial declaration was not intended to imply that there was a criminal investigation of Plaintiff as seemingly understood by Plaintiff in his Opposition. *Id.,* ¶ 12; and, that all records covered by PA were produced in full to Plaintiff, without redactions. *Id*.

Next, in the Supplemental Declaration of Francys Marcenaros (*see* Dkt. No. 57-1), Ms. Marcenaros notes again that in her initial declaration she sent an office-wide email attaching Plaintiff's FOIA/PA request (Request), asking that they search for records concerning a Jonathan Mullane who had worked in the office in 2018. *Id.,* ¶ 5. She explains that she also targeted individuals she knew had direct dealings with Plaintiff and asked them to search emails using the term "Mullane". *Id*. This search also extended to records that are maintained by the USAO-SDFLA Human Resources Department, as well as the IT archives of records maintained by former U.S. Attorney Benjamin Greenberg. *Id.,* ¶¶ 8, 10. Ms. Marcenaros also addressed Plaintiff's contention that the search was limited to communications between USAO-SDFLA staff and U.S. District Court Chief Justice Federico Moreno and, thus, it was inadequate. *Id.,* ¶ 8. As pointed out by Ms. Marcenaros, that was a misreading of her first declaration. *Id*. Lastly,

to allay Plaintiff's belief that the delay in responding to his Request was a government conspiracy to obstruct justice, Ms. Marcenaros explained that because she is the only staff person who coordinates FOIAs for the USAO-SDFLA (which receives approximately 80 FOIA requests annually), and that she also works contemporaneously as an administrative assistant for several AUSAs in the office, any delay was the result of resources not wrongful conduct. *Id.,* ¶ 11.

Finally, the SEC filed the Supplemental Declaration of Ray McInerney merely for the purpose of informing this Court that it conducted a search of its Office of Human Resources (OHR) using the term "Mullane" and that it had completed its search of documents in its MIRO and produced all 241 pages of responsive records to Plaintiff, excluding the personal privacy information in the documents under Exemption 6. *See* Dkt. No. 57-3. Plaintiff noted in his Opposition to Defendants' Motion for Summary Judgment that the SEC had not provided a search term for OHR records and had not yet completed its search of MIRO records (Dkt No. 44, p. 6 n. 3, 7). Thus, the supplemental declaration was a reasonable response to questions raised by Plaintiff.

In the end, Defendants are perplexed by Plaintiff's Motion which only serves to keep this Court in the dark as to many of the misstatements/misunderstandings of fact raised by Plaintiff in his Opposition. Plaintiff's assertion that another Motion for Leave should have been filed by Defendants under Local Rule 7.1 (b)(3) when they had already been granted leave to file their Reply to the Opposition is an understanding of that Local Rule that is not shared by Defendants. Filing supplemental declarations to further describe a search or drill down on what has already been stated on the record in response to a party's opposition to a motion for summary judgment is common in FOIA. *See, e.g., Wolf v. CIA,* 569 F. Supp. 2d 1, 10 (D.D.C. 2008) (courts generally seek supplemental declarations where original sworn testimony is deficient). Had

5

Defendants not supplied the declarations at issue, Plaintiff would have challenged the Reply for its omission of sworn testimony supporting facts stated in the Reply. In any event, Plaintiff's improper use of Rule 12(f) in this context should be rejected. If Plaintiff believes that the Reply contains information to which he believes warrants a response, he may seek leave from the Court to file a sur-reply which he apparently seeks as an alternative to his Motion o Strike. At bottom, Defendants have not ambushed or sandbagged[1] Plaintiff. One need only take a cursory review of the declarations to understand that they were primarily submitted to address misstatements/misunderstandings of fact made in Plaintiff's Opposition (as well as to inform the Court of SEC's subsequent search of MIRO) and nothing more.[2] That is one of the main purposes of a Reply.

Needless to say, Defendants maintain that Plaintiff's Motion is devoid of any valid reason to utilize the drastic measure of striking Defendants' Reply and accompanying declarations. At

---

[1] Plaintiff relies on cases in his Motion that are not FOIA matters and have no applicability in this case. For example, regarding his position that he was "sandbagged", Plaintiff cites *Viero v. Bufano,* 925 F. Supp. 1374 (N.D. Ill. 1996). That case deals with the Local Rules of the U.S. District Courts of Illinois in 1996 and their application to the facts of that case. The Court discussed "sandbagging" in the context of defendant filing an expert declaration after all discovery closed, leaving plaintiff without the opportunity to depose the expert or obtain her own expert. *Id.,* p. 1380. The Court did, however, note that where plaintiff's opposition raised issues not dealt with by defendant in its initial filings, defendant had a right to file a final response to address those issues. *Id.* In any event, Plaintiff's citation to this case and others which are wholly inapposite should be disregarded.

[2] Again, Defendants' Reply, where applicable, cites to the declarations which Plaintiff claims are filed in support of their Motion for Summary Judgment. These declarations are barely given reference in the Reply. *See* Reply, Dkt No. 56, pp. 2 n.1; 3; 6; 7 n.6; 15 n 9; and 18 n.11. Following the very strict reading of Rule 7 and Rule 56 discussed above, these arguably are not pleadings subject to a motion to strike. *But see Mackey v. Town of Tewksbury,* No. 15-cv-12173-MBB, 2020 WL 68243 (Jan. 7, 2020), wherein Magistrate Judge Bowler did engage in review of a party's declaration submitted in opposition to the moving party's motion for summary judgment, striking portions which were hearsay and subjective opinion apparently being used to create a triable issue of material fact. *Id.* at \*\* 2,3. Nevertheless, such is not the posture of this case.

bottom, this Court can, as it should, give the consideration it deems appropriate to the declarations filed with the Reply for purpose of adjudicating their Motion for Summary Judgment rather than engage in the very rare sanction of striking portions or the entirety of a declaration.  *See, e.g., Ferring Pharmaceuticals, Inc. v. Braintree Laboratories, Inc.*, 215 F. Supp. 3d 114, 127 (D. Mass. 2016) (rather than strike portions of declaration, courts will merely give scant consideration to improper legal and factual material facts); *Botelho v. Nordic Fisheries, Inc.,* No. 15-cv-11916-FDS, 2017 WL 4553407, at * 9 (D. Mass. Oct. 12, 2017) (court denied motion to strike legal conclusions in interrogatories and rather ignored them for summary judgment purposes); *Bradley v. Cruz*, No. 13-cv-12927-IT, 2017 WL 1197700, at *1 (D. Mass. Mar. 30, 2017) (court denied motion to strike premised on inappropriate argumentation and innuendo in declaration as it will take into consideration material facts to reach its decision); *Hall & Associates v. Environmental Protection Agency*, 956 F. 3d 621, 636 (D.C. Cir. 2020) (lower court did not abuse discretion in denying motion to strike declaration that contained mistaken conclusions of law); *Center for Auto Safety v. National Highway Traffic Safety Administration*, 93 F. Supp. 2d 1, 12 (D.D.C. 2000) (court denied motion to strike declaration that contained legal argument and conclusions).

### III.     CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Strike should be denied.

                Respectfully submitted,

                ANDREW E. LELLING
                United States Attorney

By:   */s/ Michael Sady*
      Michael Sady
      Assistant U.S. Attorney
      United States Attorney's Office

1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
michael.sady@usdoj.gov

Dated:  February 24, 2021