UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN MULLANE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and<br>UNITED STATES SECURITIES and EXCHANGE<br>COMMISSION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 19-12379-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT

I.     RULE 56.1 STATEMENT OF MATERIAL FACTS

1.     On March 19, 2021, this Court issued its twenty-seven (27) page Memorandum and Order ("First Order") granting substantially Defendants' Motion for Summary Judgment. *See* Dkt. No. 66. More specifically, this Court concluded the following:

> For the foregoing reasons, the Court ALLOWS in part and DENIES in part the Agencies' motion for summary judgment. D. 27 and DENIES Mullane's motions to strike and amend. D. 53; D. 58. The motion for summary judgment is ALLOWED in all respects except for the documents described above that were withheld or redacted solely under the deliberative process privilege, see page 21, supra, which is DENIED without prejudice. The Agencies must produce the communications with an external party unredacted, D. 28-2 at 14-15, and shall either submit a revised Vaughn index by April 16, 2021, correcting the deficiencies outlined above, or produce the documents unredacted to Mullane and inform the Court, also by April 16, 2021. *Id.*, pp. 26-27.

2. In the First Order, the Court identified the documents within the Defendant EOUSA's *Vaughn* index ("*Vaughn*") which it viewed as deficient and the reasons therefor; namely, the Court noted that at pages 40, 42, 50, 68 and 72, the *Vaughn* failed to specify the final agency decision being contemplated, listing for each document a more detailed description of the deficiency. *Id.,* p. 19. Further, at pages 29, 40, 42, 50 and 72, the Court noted that the *Vaughn* failed to describe the relevant parties to the record or describe the chain of command among the parties. *Id.*

3. As directed by the Court, on April 16, 2021, Defendant DOJ filed its Response to the Court's First Order ("Response"), attaching as *Exhibit A* thereto a Revised *Vaughn* index ("Revised *Vaughn*") addressing each of the Court's noted deficiencies on pages 29, 40, 42, 50, 54, 68, 69 and 72 of the *Vaughn*. See Dkt. No. 67 and 67-1.

4. As noted in the Response, Defendant DOJ withdrew its redaction to contained in the documents at pages 29 and 50 of the *Vaughn*, thereby releasing those documents in full. *See* Dkt. No. 67, p. 2. Further, the document at page 72 of the *Vaughn* erroneously listed Exemption 5, deliberative process privilege, as a basis for a redaction contained therein when, in fact, no redaction was made to the document except under Exemption 6. Consequently, the only redactions remaining at issue for discussion in the Revised *Vaughn* were encompassed in pages 40, 42, 54, 68, and 69.

5. In the Revised *Vaughn,* Defendant DOJ (highlighted in bold face) provided the names of each individual listed in the internal communications at issue, their positions within the United States Attorney's Office for the Southern District of Florida (("USAO-SDFLA"), the chain of command and the specific topic and decision being discussed in each communication on pages 40, 42, 54, 68, and 69 of the *Vaughn*. *See* Dkt. No. 67-1, pp. 3-9.

6. On May 3, 2021, this Court issued another Order ("Second Order") stating:

> Having reviewed Defendants' revised <u>Vaughn</u> index entries, D. 67-1, the Court is inclined to consider summary judgment on the redactions pursuant to the deliberative process privilege previously identified as deficient by this Court's order, D. 66. In particular, the revised index identifies the parties by name, their chain of command, and the specific policy or decision being deliberated in redacted communications under the privilege. <u>See</u> D. 67-1. Accordingly, Defendants may move the Court for partial summary judgment limited to these remaining documents by May 14, 2021. Mullane's response to Defendants' motion, confined only to these entries described in D. 67 and D. 67-1, shall be due on June 4, 2021. *See* Dkt. No. 68.

## II. ARGUMENT

Considering the above, Defendants assert that summary judgment is appropriate on the remaining limited documents and redactions at issue under Exemption 5 of FOIA. As this Court is aware, documents covered by the deliberative process privilege and exempt under Exemption 5 include those that "reflec[t] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *See Sears, Roebuck, & Co.,* 421 U.S. 132, 150 (1975) (internal quotations omitted), *quoting Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318, 324 (D.D.C. 1966). The deliberative process privilege exists "to prevent injury to the quality of agency decisions. *Sears, Roebuck & Co.,* 421 U.S. at 151. This also helps to avoid confusion of the public due to "...dissemination of documents suggesting reasons and rationales for a course of action which were not...the ultimate reasons for that action." *American Federation of Government Employees, AFL-CIO, Local 1164 v. U.S. Dept. Of Health & Human Services*, 64 F. Supp. 2d 104, 107 (D. Mass. 1999), *quoting Providence Journal Co. v. U.S. Dept. of Army*, 981 F.2d 552, 557 (1st Cir. 1992).

To properly invoke Exemption 5, an agency must first show that a requested document was pre-decisional; that is, "...prepared prior to a final decision to assist an agency decision maker in arriving at his decision. *See Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F.2d 1438, 1458 (1st Cir. 1992) (internal quotations omitted), *quoting Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975).  Second, it must additionally be shown that the document represents "...a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Id*.  By exempting disclosure, government agencies can engage in candid deliberations in advance of reaching a final decision on an issue.  *See Petroleum Info Corp. v. U.S. Dep't of Interior*, 92 F.2d 1429, 1434 (D.C. Cir. 1992) (deliberative process privilege protects "give and take" consultative process in agency decision-making).

As noted above, this Court found deficient Defendant DOJ's *Vaughn* as it related to a limited number of documents where the deliberative process privilege was being asserted over redactions made within those documents; specifically, the Court noted that the documents (at pages 40, 42, 54, 68, 69 and 72 of the *Vaughn* at Dkt. No. 67-1) failed to specify the final agency decision being contemplated and/or failed to describe the relevant parties to the record or describe the chain of command among the parties.  *See* First Order, Dkt. No. 66, p. 19. Defendants' Response addressed those stated deficiencies by listing the names of each individual identified in the internal communications at issue, their positions within the United States Attorney's Office for the Southern District of Florida (("USAO-SDFLA"), the chain of command and the specific topic and decision being discussed in each communication on pages 40, 42, 54, 68, and 69 of the *Vaughn*.  *See* Dkt. No. 67-1, pp. 3-9.

4

These internal email communications in the documents at issue were pre-decisional and deliberative as they discussed several matters concerning the internship program in general, such as: (i) potential changes to protocols related to extending the term of an intern beyond 240 hours and HR's role on the issue (Dkt. No. 67-1, p. 4), (ii) what remedial actions are appropriate when internship misconduct is alleged (*id.,* p. 6), (iii) what changes should be made to intern use and access to information systems and technology at the USAO-SDFLA (*id.,* p. 7) and , more pointedly, (iv) the policies and procedures regarding intern evaluations as it specifically relates to Plaintiff Jonathan Mullane.  (*id.,* p. 3).[1]

These email discussions were primarily between AUSA Alison Lehr of the Asset Forfeiture Unit (AFU) and her supervisor Evelyn Sheehan, Deputy Chief of the Civil Division, along with other named supervisory AUSAs at the USAO-SDFLA who had a role in these topics.  In short, these documents evidence a continuing process of USAO-SDFLA decision making as to its policies and procedures of its intern program going forward and, thus, protected by the deliberative process privilege.  *See, e.g., Sierra Club v. U.S. Dep't of Interior,* 384 F. Supp. 2d 1, 16 (D.D.C. 2004) (acknowledging that deliberations concerning implementation of policy are part of deliberative process).  In fact, even if the agency did not end up making a final decision on the policy discussed, such inaction does not alter that it is still pre-decisional and deliberative.  *See Sears, Roebuck,* 421 U.S. at 151 n. 18 (extending protection to records that are part of decision-making process even where process does not produce actual decision by the agency).  At bottom, the Revised *Vaughn* addressed the deficiencies noted by this Court in its

---

[1] The last document involves an email between AUSA Lehr and her supervisor Evelyn Sheehan concerning what internal notifications should occur when an AUSA is sued in their individual capacity.  *See* Dkt. No. 67-1, p. 5.

First Order and the government should have judgment entered in its favor on this remaining issue.

### III.   CONCLUSION

For the reasons stated herein, this Court should grant Defendants' Motion for Partial Summary Judgment and enter judgment in favor of them on this final issue.

                    Respectfully submitted,

                    NATHANIEL R. MENDELL
                    Acting United States Attorney

By:    */s/ Michael Sady*
         Michael Sady
         Assistant U.S. Attorney
         United States Attorney's Office
         1 Courthouse Way, Suite 9200
         Boston, MA  02210
         (617) 748-3100
         michael.sady@usdoj.gov

Dated: May 12, 2021