UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MULLANE, | ) | Docket No. 1:19-CV-12379-DJC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE and UNITED | ) | |
| STATES SECURITIES AND | ) | |
| EXCHANGE COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR AN ENLARGEMENT OF TIME**

Now comes Plaintiff Jonathan Mullane ("Plaintiff") in the above-entitled action, and hereby respectfully requests that this Honorable Court deny the motion for an enlargement of time [D.E. 78] of Defendants United States Department of Justice ("DOJ") and United States Securities and Exchange Commission ("SEC") (collectively, "Defendants").

In support hereof, Plaintiff states as follows:

1. **Undersigned counsel hereby reincorporates by reference the appended email correspondence transmitted to counsel for Defendants on June 15, 2021 [Ex. 1] as if fully restated herein.**

2. Plaintiff does not make this objection lightly. As this Court is aware, there is presently a motion to dismiss pending in the parallel litigation and companion case in the Southern District of Florida, *viz.* Mullane v. Moreno, et al., 1:20-CV-21339 (S.D. Fla. Mar. 27, 2020) (Kallon, J.).

3. All of the FOIA/PA records requested in the instant FOIA/PA action are material and directly relevant to that pending motion to dismiss.

4. Thus, it is an absolute *certainty* (as opposed to a mere *possibility*) that Plaintiff will incur grievous, irreparable harm should this Court grant the relief requested by Defendants.

5. Any further delay (even several days) will indisputably result in a grave miscarriage of justice in the above-referenced parallel proceeding, and will deprive Plaintiff of even the most basic procedural due process rights—a constitutional, non-negotiable right.[1]

6. Other than accusing Plaintiff of violating this Court's March, 19, 2021 Order[2], there is not a single countervailing interest cited in Defendants' moving papers—let alone a *compelling* interest that would even come close to outweighing the unconscionable harm to Plaintiff. Nor has any reason been proffered for why this Court should knowingly authorize and condone a violation of Plaintiff's constitutional and statutory right to *expedited* treatment of all FOIA/PA cases.

7. This action is presently being litigated with the assistance of not one, but *four* (4) separate government offices:

    (1) the Boston USAO;

    (2) the Miami USAO;

---

[1] "Unjustifiable delay in court proceedings, particularly in deciding cases, can have a significant impact on the parties and reflects adversely on the judicial system. Under Canon 3B(8) of the 1990 model code, a judge is required to 'dispose of all judicial matters promptly, efficiently and fairly.'" Gray, Cynthia, "ETHICAL STANDARDS FOR JUDGES," Handbook for Members of Judicial Conduct Commission: How Judicial Conduct Commissions Work: Ethical Standards for Judges, American Judicature Society, pp. 14–15 (2009). "[D]epriving quick and certain justice to the litigants . . . reinforces the negative images of the judicial system . . . ." Shaman, Jeffrey M., *et al.*, Judicial Conduct and Ethics (2d ed.) § 6.02, pp. 168-83 (1995).

[2] Such a baseless accusation is particularly concerning here, since counsel for Defendants has actual knowledge that no such violation occurred. As counsel himself is well aware from having personally reviewed Plaintiff's Opposition to Summary Judgment [D.E. 74], that Opposition was *clearly* limited to the specific records identified in the Court's Order. Even worse, Defendants' moving papers tellingly **fail to identify the pages and/or paragraphs in D.E. 74 which they now claim are in violation of the Court's Order**. Defendants' representations to this Court are therefore misleading at best, and disingenuous at worst.

   (3) EOUSA in Washington, DC; and

   (4) the FOIA/PA office of Main Justice in Washington, DC (where Attorney Wilkinson is employed).

Thus, Defendants currently have an entire team of AUSAs ready, willing, and able to respond to the subject filings. They have the resources of four (4) entire offices of the federal government at their disposition. Under such circumstances, how could granting these four offices additional time to respond to Plaintiff's filings possibly outweigh the specifically-identified foreseeable harm to Plaintiff? How could that possibly serve the interests of justice, or the FOIA statute itself? Sadly, these were the exact same dilatory tactics engaged in by the USAO throughout the <u>Moreno</u> litigation in the District of Massachusetts.

8. As this Court will note, Plaintiff has been patiently waiting for the requested FOIA/PA documents since **October 2018**, *i.e.* two-and-a-half years ago. Instead of *timely* providing Plaintiff the documents to which he is entitled as a matter of law, Defendants have opted to litigate this matter "tooth and nail" in order to delay production. Their latest motion for an enlargement of time [D.E. 78] is illustrative, and is nothing new; it is part and parcel to Defendants' litigation strategy in these related proceedings between the parties (which have been ongoing since 2018). Not only have these inexcusable delays resulted in irreparable harm to Plaintiff (who remains unemployed to-date as a foreseeable result thereof), they have needlessly caused scarce judicial resources to be squandered by exponentially multiplying the number of related proceedings and pleadings.

9. If Defendants wish to continue litigating a request for documents regarding an "unpaid student intern" before this Court for a few more years—as they apparently wish to do—

they must do so in a timely manner, as required by the FOIA statute itself. Not only are government defendants not entitled to "special treatment" in this Court, the exact opposite is true in FOIA/PA cases: the district court is required under federal law to *expedite* this multi-year action.

10. Nothing in Defendants' moving papers explains to us why this Court should knowingly violate the FOIA statute itself and the federal common law on this issue. Nor is any "good cause" therefor cited. Nor do Defendants explain to us why their (understandable) interest in having as much time as possible to respond to the filings of opposing counsel could possibly outweigh violating the constitutional and statutory rights of Plaintiff (or any other FOIA/PA requester, for that matter).

11. Indeed, such a countervailing interest does not, and comes nowhere close to doing so in this important FOIA/PA case.

## CONCLUSION

**WHEREFORE,** premises considered, Plaintiff respectfully prays that Defendants' motion [D.E. 78] be denied.

At Cambridge, Massachusetts,
This 18th Day of June, 2021

Respectfully submitted,

/s/ E. Peter Mullane, Esq.
E. Peter Mullane, Esq.
BBO #360000
MULLANE, MICHEL & McINNES LLP
6 Bennett Street
Cambridge, MA 02138
Tel.: (617) 661-9000
peter@3mlaw.com

*Counsel for Plaintiff*

4

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that this filing submitted via the CM/ECF system shall be transmitted electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies shall be mailed via first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

DATED:    June 18, 2021                    /s/ E. Peter Mullane, Esq.
                                                             E. Peter Mullane, Esq.