UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| JONATHAN MULLANE,<br><br>        Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE, *et al.*,<br><br>        Defendants. | United States District Court<br>District of Massachusetts<br>Docket No. 1:19-CV-12379-DJC<br><br>Before: Hon. Denise J. Casper, D.J., presiding |
| JONATHAN MULLANE,<br><br>        Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE, *et al.*,<br><br>        Defendants. | United States District Court<br>District of Columbia<br>Docket No. 1:21-CV-02151-RBW<br><br>Before: Hon. Reggie B. Walton, D.J., presiding |

**PLAINTIFF'S MOTION TO CONSOLIDATE RELATED PROCEEDINGS
AND TO TRANSFER TO THE DISTRICT OF COLUMBIA
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

At Cambridge, Massachusetts,
This 17th Day of October, 2021

Respectfully submitted,

<u>/s/ E. Peter Mullane, Esq.          </u>
E. Peter Mullane, Esq.
BBO #360000
M<small>ULLANE</small>, M<small>ICHEL</small> & M<small>c</small>I<small>NNES</small> LLP
6 Bennett Street
Cambridge, MA 02138
Tel.: (617) 661-9000
peter@3mlaw.com

*Counsel for Plaintiff*

Plaintiff Jonathan Mullane ("Plaintiff"), by and through undersigned counsel, hereby respectfully moves this Honorable Court to consolidate the above-captioned related proceedings pursuant to Fed. R. Civ. P. 42(a). Plaintiff respectfully requests that this action be transferred to the Honorable Reggie B. Walton of the United States District Court for the District of Columbia in order to be consolidated with Mullane v. DOJ, *et al.*, 1:21-CV-02151 (D.D.C. 2021) (Walton, J.). For the convenience of the Court, a proposed order has been contemporaneously submitted as an exhibit hereto [Ex. 1], and a true copy of this motion is being filed in both proceedings.

## MATERIAL FACTS

1. Plaintiff filed this FOIA/PA action against Defendants United States Department of Justice ("DOJ") and United States Securities and Exchange Commission ("SEC") here in the District of Massachusetts nearly two (2) years ago, on or about November 19, 2019. D.E. 1.

2. On July 3, 2020, Plaintiff filed a timely motion seeking leave to file a First Amended Complaint in this case. See D.E. 23. *Inter alia*, the proposed amended complaint sought leave to timely assert a Privacy Act disclosure claim against Defendants DOJ and SEC.

3. On October 20, 2020, this Court enter an order denying Plaintiff's motion for leave to file a First Amended Complaint. See D.E. 35.

4. The Privacy Act of 1974 has a short statute of limitations of only two (2) years. Accordingly, and as a foreseeable consequence of the denial of Plaintiff's motion for leave to amend (which was primarily requested in order to add a Privacy Act disclosure count), Plaintiff has unfortunately been required to file yet another FOIA/PA action in order to preserve that particular claim. See Mullane v. DOJ, *et al.*, 1:21-CV-02151 (D.D.C.) (Walton, J.). For the convenience of the Court, a copy of the operative complaint therein is attached. Ex. 2.

5. Indeed, the facts and legal issues presented in the second FOIA/PA case are the same. The named parties therein are the exact same parties to the instant proceeding: Plaintiff; Defendant DOJ; and Defendant SEC.

## ARGUMENTS

### I. CONSOLIDATION AND TRANSFER ARE PROCEDURALLY AUTHORIZED UNDER FED. R. CIV. P. 42(a) AND PURSUANT TO FEDERAL COMMON LAW.

Fed. R. Civ. P. 42(a) ("Consolidation") expressly provides as follows:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

Id. District courts enjoy broad discretion in determining whether consolidation is appropriate. See, e.g., Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys., 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (Howell, J.); Moten v. Bricklayers, Masons & Plasterers Int'l Union, 543 F.2d 224, 228 n.8 (D.C. Cir. 1976) ("[T]he question of consolidation . . . is ordinarily left to the sound discretion of the District Court.").

"In exercising that discretion, district courts weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are *not* consolidated." Nat'l Ass'n of Mortg. Brokers, 770 F. Supp. 2d at 286; see Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003) (indicating that courts balance "considerations of convenience and economy against considerations of confusion and prejudice"). "**Actions that involve the same parties are apt candidates for consolidation.**" Hanson v. District of Columbia, 257 F.R.D. 19, 21 (D.D.C. 2009).

Consolidation is "a valuable and important tool of judicial administration," Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999), and "relieves the parties and the Court of the burden of duplicative pleadings and Court orders[.]" New York v. Microsoft Corp., 209 F. Supp. 2d 132, 148 (D.D.C. 2002); see Rankin v. Shayne Bros., 234 F.2d 35, 39 (D.C. Cir. 1956) ("[s]ince there were common questions of fact the consolidation was permissible under Rule 42(a)."). "Consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." Hanson, 257 F.R.D. at 21. As previously explained, *ante*, both the District of Massachusetts action and the District of Columbia action are FOIA/PA actions. The relevant facts and legal issues are the same.

II. **THE "SPECIAL EXPERTISE" OF THE DISTRICT OF COLUMBIA COURTS IN FOIA/PA MATTERS STRONGLY FAVORS TRANSFER OF THIS FOIA/PA ACTION TO THAT PARTICULAR DISTRICT.**

As the Court is aware, both the FOIA and the Privacy Act are unique, complex statutes which only apply to agencies of the United States. Given that the headquarters of all federal agencies are located in the District of Columbia, and because the overwhelming majority of FOIA/PA cases are filed in that particular District, the courts of the District of Columbia are unsurprisingly deemed to have "**special expertise**" in FOIA/PA cases such as this one. Gaylor v. DOJ, 2006 U.S. Dist. LEXIS 39437, at *3 (D.N.H. Jun. 14, 2006) (citing In re Scott, 709 F.2d 717, 720 (D.C. Cir. 1983) (**explaining that District of Columbia courts have "*special expertise*" in FOIA matters**)). For this and other compelling reasons, this FOIA/PA case should be heard in the United States District Court for the District of Columbia. This is particularly true here, in light of the fact that: (i) a separate FOIA/PA action[1] is simultaneously being heard in the District of Columbia; (ii) Defendants DOJ and SEC are both located in the District of Columbia, not in Massachusetts; and

---

[1] The parties to that FOIA/PA action are Plaintiff, Defendant DOJ, and Defendant SEC—*i.e.*, the exact same parties to the instant FOIA/PA proceeding.

4

(iii) the majority of material witnesses are *also* located in the District of Columbia, not in Massachusetts.[2]

**III.    THE INTERESTS OF JUSTICE, THE TIME-SENSITIVE NATURE OF THIS CASE, AND OTHER IMPORTANT CONSIDERATIONS "TILT THE BALANCE" IN FAVOR OF TRANSFERRING THIS ACTION TO THE DISTRICT OF COLUMBIA FOR CONSOLIDATION PURPOSES.**

Article III district courts have broad discretion in determining whether consolidation is practical. Atlantic States Legal Foundation Inc. v. Koch Refining Co., 681 F. Supp 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985); Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); see Kramer v. Boeing Co., 134 F.R.D. 256 (D. Minn. 1991).

In the case at bar—a FOIA/PA case which unfortunately has been pending for nearly two (2) years at this point—this Court has yet to schedule a hearing and to rule upon Plaintiff's pending cross-motion for summary judgment, which was filed on June 7, 2021. See D.E. 74. Similarly, the Court has yet to schedule a hearing and to rule upon Plaintiff's pending motion for reconsideration, which was also filed on June 7, 2021. See D.E. 71. In light of the foregoing, and because Mullane v. DOJ, *et al.*, 1:21-CV-02151 (D.D.C. 2021) (Walton, J.) is also at an early pre-trial stage,[3] consolidation of these two (2) FOIA/PA cases between the exact same parties will promote expediency. Due to the inordinate delays in the resolution of this particular case to-date, consolidation

---

[2]  Moreover, the Honorable Reggie B. Walton, the District Judge to whom Plaintiff's District of Columbia FOIA/PA action has been assigned, appears to have significant experience in presiding over FOIA/PA matters such as these. See, e.g., Kusar v. Transportation Security Adminstration, *et al.*, Case No. 1:07-CV-02001-RBW, D.E. 12 (D.D.C. 2008) (Walton, J.) (*pro se* Privacy Act action against the TSA).

[3]  Although Defendants DOJ and SEC have yet to respond to the operative complaint in the FOIA/PA case in the District of Columbia, their responsive filing therein is currently due on October 25, 2021.

will ensure that the entire multi-year litigation between the parties will be finally resolved and disposed of in a timely, fair, and impartial manner.

Indeed, it is settled law that the **public interest is best "served by the <u>expedited release</u> of the requested documents because it furthers FOIA's core purpose of 'shed[ding] light on an agency's performance of its statutory duties**.'" <u>Elec. Privacy Info. Ctr. v. DOJ</u>, 416 F. Supp. 2d 30, 42 (D.D.C. 2006) (Kennedy, J.) (alteration in original) (citation omitted). Regardless of the reason(s) therefor, the delays in this FOIA/PA case have directly caused Plaintiff serious, irreparable harm. Plaintiff has been unemployed for nearly three (3) years at this point, and has been unduly prevented from a member of the bar. Plaintiff is constitutionally entitled to a timely administration of justice, and no good cause exists to justify these prolonged, multi-year delays that Plaintiff has been forced to endure to-date.[4] Not only is consolidation "practical" in such a situation, it is indispensable under the unique circumstances and procedural history which are present here.[5]

---

[4] *Inter alia*, undersigned counsel had timely notified this Court, in writing, that time was "of the essence" and that the requested FOIA/PA documents were needed in connection with a then-pending motion to dismiss in a related proceeding in the Southern District of Florida, *viz*. <u>Mullane v. Moreno, *et al*.</u>, 1:20-CV-21339-AKK (S.D. Fla.). Therefore, this Court had actual knowledge of the fact that, but for a timely disposition of the instant FOIA/PA proceeding, Plaintiff would incur irreparable harm. And that is precisely what has transpired. In such situations, district-court judges have an ethical responsibility to resolve all pending motions "without unnecessary cost or delay." Commentary to Canon 3(A)(5), CODE OF CONDUCT FOR UNITED STATES JUDGES (effective Mar. 12, 2019). Similarly, the Code of Conduct for United States Judges also states that "[a] judge should dispose promptly of the business of the court." <u>Id.</u> at Canon 3(A)(5), *supra*. These provisions are particularly relevant here, where this Court was provided advance notice of the foreseeable harm Plaintiff would incur as a result of any further delays.

**IV.    THE INTERESTS OF JUDICIAL ECONOMY FAVOR CONSOLIDATION AND TRANSFER TO THE DISTRICT OF COLUMBIA; NO PARTY WILL INCUR ANY PREJUDICE BY THE ALLOWANCE OF THIS MOTION, AND CONSOLIDATION WILL SIGNIFICANTLY REDUCE FURTHER DELAYS IN THE DISPOSITION OF THIS MULTI-YEAR LITIGATION BETWEEN THE PARTIES.**

Consolidation offers efficiency and convenience in this case. Consolidation will result in a single, efficient, and timely proceeding which will benefit Plaintiff and Defendants alike. This will save time and avoid unnecessary costs incurred by Defendants DOJ and SEC, Plaintiff, the federal judiciary, and the taxpayers. Not only will consolidation cause no delay vis-à-vis the final disposition and resolution of this litigation, it will actually *reduce* further unnecessary delays.[6] And while the District of Columbia FOIA/PA case is at an earlier stage of the proceeding, this presents no bar to consolidation. See, e.g., United States v. City of Chicago, 385 F. Supp. 540, 543 (N.D. Ill. 1974). *Inter alia*, no discovery, evidentiary hearing, or *in camera* review has been had in either case heretofore.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court transfer this action to the Honorable Reggie B. Walton of the District of Columbia in order to be consolidated with Mullane v. DOJ, *et al.*, 1:21-CV-02151 (D.D.C. 2021) (Walton, J.). A proposed order is annexed hereto [Ex. 1].

---

[6] As the Court is aware, undersigned counsel has recently moved for recusal in an unrelated case currently pending before this Court. Consequently, should the instant motion for transfer and consolidation be denied in the case at bar, such a denial would foreseeably lead to unnecessary motion practice in this particular proceeding as well vis-à-vis the issue of recusal. See, e.g., Demodulation, Inc. v. United States, 2014 U.S. Claims LEXIS 65 (Fed. Cl. Feb. 7, 2014), amended, 114 Fed. Cl. 655, 2014 U.S. Claims LEXIS 72 (Fed. Cl. Feb. 10, 2014); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988) (**explaining that, when deciding whether to vacate a judgment or order for violation of § 455(a), a court must consider: (i) "the risk of injustice to the parties in the particular case"; (ii) "the risk that the denial of relief will produce injustice in *other cases*"; and (iii) "the risk of undermining the public's confidence in the judicial process."**). Naturally, this need for additional motion practice here will undoubtedly cause further delays—something which benefits neither the Court nor the parties.

| | |
|---|---|
| At Cambridge, Massachusetts,<br>This 17th Day of October, 2021 | Respectfully submitted,<br><br>/s/ E. Peter Mullane, Esq.<br>E. Peter Mullane, Esq.<br>BBO #360000<br>MULLANE, MICHEL & McINNES LLP<br>6 Bennett Street<br>Cambridge, MA 02138<br>Tel.: (617) 661-9000<br>peter@3mlaw.com<br><br>*Counsel for Plaintiff* |

## L.R. 7.1(a)(2) CERTIFICATION

Pursuant to L.R. 7.1(a)(2), the undersigned hereby certifies that he conferred with counsel for Defendants DOJ and SEC via electronic correspondence on October 4, 2021, who did not give his assent to the relief requested herein.

/s/ E. Peter Mullane, Esq.
E. Peter Mullane, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this filing submitted via the CM/ECF system shall be transmitted electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies shall be mailed via first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

DATED:   October 17, 2021           /s/ E. Peter Mullane, Esq.
                                    E. Peter Mullane, Esq.