UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MULLANE ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF JUSTICE; UNITED STATES ) <br> SECURITIES AND EXCHANGE ) <br> COMMISSION, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:19-12379-DJC |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S VERIFIED MOTION FOR RECUSAL AND INCORPORATED MEMORANDUM OF LAW

Defendants the United States Department of Justice and the United States Securities and Exchange Commission oppose Plaintiff's post-judgment motion for the Court to recuse itself.  Pl.'s Verified Mot. for Recusal & Incorporated Mem. of Law (Sept. 28, 2022) ("Mot.").

The recusal motion is procedurally and substantively unsound.  Procedurally, the Court lacks jurisdiction to resolve the recusal motion because Plaintiff already has filed a notice of appeal and his recusal motion relates to the issues on appeal.  *See Colón-Torres v. Negrón-Fernández*, 997 F.3d 63, 74 (1st Cir. 2021) (explaining that a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" (quoting *Griggs v. Provident Consumer Disc.*, 459 U.S. 56, 58 (1982))).  In any event,

recusal is inappropriate here because Plaintiff waited until after the Court had rendered judgment to seek recusal. *See In re United States*, 666 F.2d 690, 694 (1st Cir. 1981).

Regardless, the recusal motion presents no facts justifying recusal. Plaintiff bases his motion solely on the Court's purported delays and adverse rulings. Mot. at 5. Neither is grounds for recusal. *See Litecky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Baldyga v. United States*, 337 F. Supp. 2d 264, 270 (D. Mass. 2004) (noting that "[d]elay in the consideration of a pending motion is not a reason" for recusal cited in statute or case law).

Accordingly, the Court should deny Plaintiff's recusal motion.

## I. ARGUMENT

### A. The Court Lacks Jurisdiction to Decide Plaintiff's Recusal Motion

The Court does not have jurisdiction to resolve Plaintiff's recusal motion because he already filed a notice of appeal. "As a general rule, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Colón-Torres*, 997 F.3d at 74 (quoting *Griggs*, 459 U.S. at 58). Plaintiff filed a notice of appeal on March 10, 2022. Pl.'s Notice of Appeal to the U.S. Ct. of Appeals for the First Circuit (March 10, 2022), ECF No. 91

("Notice of Appeal"). Months later, on September 28, 2022, he filed the instant recusal motion. Thus, the Court lacks jurisdiction to resolve the recusal motion. *See McCoy v. Stephens*, 561 Fed. Appx. 432 (5th Cir. 2014) (unpublished) (holding that "the district court lacked jurisdiction to rule on [a] recusal motion" because petitioner "filed his motion to recuse after filing notices of appeal from the denial of his 28 U.S.C. § 2254 petition and the denial of his motion filed pursuant to Federal Rule of Civil Procedure 60(b)"); Order, *McCole v. Shannon*, No. 05-CV-3666 (E.D. Pa. May 30, 2006), ECF No. 14 at 2 ("As a result of the transfer of jurisdiction upon notice of appeal, this Court is obligated to deny petitioner's motion for recusal without prejudice.")

To be sure, the Court still may "enter orders 'that concern matters unrelated to the substance of the decision being appealed.'" *Colón-Torres*, 997 F.3d at 74 (internal quotations omitted) (quoting *United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015)). But that exception does not apply to Plaintiff's recusal motion. For one, Plaintiff's recusal motion is based in part on the Court's ruling against him on summary judgment, which also is the subject of his notice of appeal. *See* Mot. at 15; Notice of Appeal at 1. Moreover, Plaintiff's motion seeks as relief the vacatur of the Court's same summary judgment orders that are the subject of Plaintiff's notice of appeal. *See* Mot. at 21 (requesting that the Court "[a]llow the Plaintiff's pending motions [ECF 93 and 94] to vacate the summary judgment

3

orders"); Notice of Appeal at 1 (noticing an appeal of, among other things, the Court's orders allowing Defendant's motion for summary judgment). As the First Circuit has made clear, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Colón-Torres*, 997 F.3d at 75 (quoting *Griggs*, 459 U.S. at 58).

### B.  Plaintiff's Recusal Motion is Untimely

Further undermining Plaintiff's motion for recusal is his decision to seek recusal only once the Court had issued judgment against him. *See In re United States*, 666 F.2d at 694 (noting that moving for recusal after trial allows a litigant to "test the court's reaction only later to marshal previously known information in an attempt to get the proverbial second bite at the apple"). "[C]ourts will reject what appear to be strategic motions to recuse a judge whose rulings have gone against the party." *In re United States*, 441 F.3d 44, 65 (1st Cir. 2006). "That is why, in general, a party must raise the recusal issue 'at the earliest moment after [acquiring] knowledge of the [relevant] facts.'" *Id.* (alterations in original) (quoting *In re Abijoe Realty Corp.*, 943 F.2d 121, 126 (1st Cir. 1991)). Even assuming that Plaintiff is "not consciously attempting to manipulate the circumstances to his benefit, the potential waste of judicial resources alone requires that a motion for disqualification be timely filed." *In re United States*, 666 F.3d at 694.

4

"The policy considerations supporting a timeliness requirement . . . [are] to conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify the judge." *United States v. O'Brien*, No. 12-40026-FDS, 2014 WL 535663, at *10 n.4 (D. Mass. Feb. 6, 2014) (quoting *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997)). "Thus, it serves to prevent litigants from taking a 'heads-I-win-tails-you-lose position of waiting to see whether they win and if they lose moving to disqualify a judge who voted against them.'" *Id.* (quoting *Schurz Comms., Inc. v. Fed. Comms. Comm'n*, 982 F.2d 1057, 1060 (7th Cir. 1992)).

Here, Plaintiff bases his recusal motion on adverse rulings and purported delays, all of which were evident well before he moved for recusal.[1] For example, Plaintiff claims recusal is justified due to the Court's handling of discovery, the Court's denial of his attempts to amend his complaint, the Court's entry of summary judgment against Plaintiff, and an alleged one-year delay in resolving a motion in a separate case in 2021. Mot. at 9-10, 15. By no measure, then, did Plaintiff "raise the recusal issue 'at the earliest moment after [acquiring] knowledge

---

[1] Plaintiff's argument that the Court has "unnecessarily delayed its ruling on the pending Plaintiff's Omnibus Rule 60 Motions" overlooks that Plaintiff filed those motions after filing a notice of appeal, which likely divested the Court of jurisdiction to resolve them. *See* Mot. at 13; *Colón-Torres*, 997 F.3d at 74.

of the [relevant] facts.'" *See In re United States*, 441 F.3d at 65 (quoting *In re Abijoe Realty Corp.*, 943 F.2d at 126).

Moreover, Plaintiff's filing of the recusal motion only after the Court entered judgment against him "raises obvious concerns." See *O'Brien*, 2014 WL 535663, at *3 (noting that "the timing of the filing" of defendants' recusal motion "raise[d] obvious concerns" because the "motion was filed immediately after [the court] had ruled adversely to defendants on a number of significant motions," including a dispositive motion). Accordingly, the Court should reject Plaintiff's recusal motion as untimely. *See, e.g., id.* at *11 (noting that a recusal motion was "plainly untimely" where "counsel waited 21 months before filing" the motion) (collecting cases).

C.   **Plaintiff's Request for Recusal is Baseless**

Even if the Court were to consider the merits of Plaintiff's recusal motion, the motion fails because it presents no facts supporting any objectively reasonable basis for recusal.

A judge must disqualify herself if her "impartiality might reasonably be questioned" or she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) & (b)(1); 28 U.S.C. § 144. However, "[j]udges are not to recuse themselves lightly under § 455(a)." *Diaz v. Perez*, No. 16-11860-RGS, 2017 WL 690183, at *2 (D. Mass. Feb. 21, 2017) (quoting *United States v. Snyder*, 235 F.3d 42, 45 (1st Cir.

2000)). "Under Section 455(a), 'a judge has a duty to recuse himself if his partiality can reasonably be questioned; but otherwise, he has a duty to sit." *Evariste v. United States*, No. 19-11996-DJC, 2020 WL 1446723, at *2 (D. Mass. Mar. 25, 2020) (Casper, J.) (quoting *Snyder*, 235 F.3d at 46). As the First Circuit has explained, a judge "should not recuse himself on a unsupported, irrational, or highly tenuous speculation; were he or she to do so, the price of maintaining the purity of appearance would be the power of litigants or third parties to exercise a negative veto over the assignment of judges." *In re United States*, 666 F.2d at 694.

The general standard for recusal is that "a charge of partiality must be supported by a factual basis," and "disqualification is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *Id.* at 695; *see also Baldyga*, 337 F. Supp. 2d at 270 ("There must be a factual basis for the claim that there appears to be a lack of impartiality and recusals are not to be granted without cause." (citation omitted)). "Were less required, a judge could abdicate in difficult cases at the mere sound of controversy or a litigant could avoid adverse decisions by alleging the slightest of factual bases for bias." *In re United States*, 666 F.3d at 695. To evaluate a recusal claim under this objective standard, the court "must weigh the objective facts asserted, 'not rumors, innuendos, and erroneous information[.]'"

7

*United States v. Chan*, No. 16-cr-10268-IT, 2022 WL 952186, at *1 (D. Mass. Mar. 30, 2022) (quoting *In re United States*, 666 F.2d at 695).

Here, the Court "has a duty not to recuse" itself because "there is no objective basis for recusal." *See In re United States*, 441 F.3d at 67. Boiled down, Plaintiff's recusal motion relies on two allegations: (1) the Court delayed ruling on motions; and (2) the Court consistently ruled adversely to Plaintiff. *See, e.g.*, Mot. at 19 (arguing that the Court engaged in "irreparable harmful delays" and issued "adverse decisions" with "consistency"). Neither ground warrants recusal.

As one session of this court has held, "[d]elay in consideration of a pending motion is not a reason cited in either section [455 or 144] or in any case law." *Baldyga*, 337 F. Supp. at 270 (determining that even an "inordinate and regrettable delay" was not "grounds for judicial recusal"). In any event, Plaintiff alleges no facts—as opposed to speculation—suggesting that the Court engaged in any delay out of bias or partiality against him. *Id.* (denying recusal motion where the moving party failed to allege "*facts* sufficient to establish partiality or prejudice on the part of the court," but rather "asserted only theories of conspiracy without facts to support them" (emphasis in original)).[2]

---

[2] Plaintiff's reliance on a Second Circuit decision purportedly holding that a judge's delays justified recusal is misplaced. Mot. at 11. Instead, the court in that case considered "whether a reasonable observer, fully informed as to the circumstances of the Judge's refusal promptly to terminate his authority over the 1969 [antitrust] Case, after the parties had stipulated for its dismissal, would

8

Nor would any adverse rulings justify recusal. The Supreme Court has held that "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Litecky*, 510 U.S. at 555. Since adverse rulings may support recusal only in the rarest of circumstances, courts in this district routinely reject recusal motions based on adverse rulings. *See, e.g., Chan*, 2022 WL 952186, at *1 (denying motion for recusal where the moving party alleged that the judge "committed legal error in [her] rulings"); *Evariste*, 2020 WL 1446723, at *2 (Casper, J.) (denying recusal motion "because the alleged grounds for recusal [were] based upon [plaintiff's] disagreement with the decisions of this Court in another case and he [had] not stated a legitimate basis for recusal"); *Barth v. City of Peabody*, No. 15-13794-MBB, 2018 WL 4963173, at *1 (D. Mass. Oct. 15, 2018) (denying a motion for recusal based in part on the "court's repeated denials" of motions "in defiance of 'precedents in the history of United States law'"); *Diaz*, 2017 WL 690183, at *2 (holding that "disagreement with the Court's rulings" is not "a sufficient basis for recusal"). Plaintiff's motion presents no exceptional circumstances warranting recusal due to any adverse rulings.

---

question the Judge's ability fairly and impartially to decide whether to grant the pending motion to terminate his authority over the 1952 [antitrust] Case—a suit that involves the same parties and the same legal context of civil antitrust law." *In re. Int'l Bus. Machs. Corp.*, 45 F.3d 641, 644 (2d Cir. 1995). That idiosyncratic issue plainly has no bearing on Plaintiff's recusal motion.

## II. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's recusal motion.

Dated: October 24, 2022

        Respectfully submitted,
        RACHAEL S. ROLLINS
        United States Attorney

By:   */s/ Julian N. Canzoneri*
      Julian N. Canzoneri
      Assistant U.S. Attorney
      U.S. Attorney's Office
      John Joseph Moakley U.S. Courthouse
      One Courthouse Way, Suite 9200
      Boston, Massachusetts 02210
      (617) 748-3170
      julian.canzoneri@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on October 24, 2022.

        */s/ Julian N. Canzoneri*
        Julian N. Canzoneri
        Assistant U.S. Attorney